**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **GERALD BERTAGNOLLI,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | **CASE NO.: CV-08-679** |
| § | |
| **EAST BAY KIA, INC., SMART** § | |
| **AUTOMOTIVE GROUP, LLC, and** § | |
| **HANCOCK BANK, INC.,** § | |
| § | |
| **Defendants.** § | |

## COMPLAINT

COMES NOW the plaintiff, Gerald Bertagnolli, (hereafter the "Plaintiff") by counsel, and for his complaint against the above-named defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331. This action also includes state law claims as to which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

2. In addition to the state law claims plaintiff also claims damages pursuant to the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. (TILA), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., (ECOA).

### THE PARTIES

3. Plaintiff is a 75 year old adult and is a resident and citizen of Baldwin County, Alabama.

4. Defendant, East Bay Kia, Inc., ("KIA") is on information and belief a corporation and operates a new and used car dealership located in Daphne, Alabama.

5. Defendant, Smart Automotive Group, LLC, ("SAG") is on information and belief a corporation located in Louisiana and on information and belief is engaged in the business of sales, advertising and credit.

6. Defendant, Hancock Bank, ("HANCOCK") is a banking corporation located in Gulfport, Mississippi, and is engaged in the business of banking and extending credit to consumers.

7. On information and belief KIA and SAG were acting as agents for HANCOCK at all relevant times herein.

## FACTUAL ALLEGATIONS

8. All the events complained of herein occurred in Baldwin County, Alabama.

9. On or about August 14, 2008, plaintiff entered into an agreement to purchase a 2008 Kia Spectra automobile, VIN KNAFE121X85510472, based on the representations made by agents of KIA and SAG and financed through defendant, HANCOCK.

10. Prior to the purchase of the automobile at issue, plaintiff received an advertisement by mail for a "*Total Vehicle Clearance Event!*" at East Bay Kia that was scheduled from August 11th to August 20th 2008, with numerous vehicles and financing deals available to the public.

11. Plaintiff went to East Bay Kia to view the selection of vehicles.

12. Plaintiff was immediately approached by a sales person of KIA and shown a used 2008 Kia Spectra.

13. The salesperson offered the Spectra to the plaintiff at the listed retail price which included thousands of dollars in rebate offers.

14. The salesperson also stated that plaintiff would receive $1,000.00 for his trade-in, one 1997 Toyota Camry car.

15. Furthermore, plaintiff was also told that he would receive a check for $1,600.00 paid by KIA for signing on the loan

16. The salesman also stated that KIA would pay several hundred dollars per month toward the loan under a "Senior Grant Program" which was designed specifically for elderly buyers and the plaintiff would only pay the difference over a six month period at which time KIA would refinance the car at a lower monthly rate.

17. Plaintiff was also promised by the KIA and SAG's agent that he would receive hundreds of dollars worth of free gasoline and other prizes as a result of purchasing the vehicle from KIA.

18. Believing all of these representations and relying upon them, plaintiff agreed to the terms and waited at the dealership until the paperwork was ready to sign.

19. During the signing of the loan and purchase documents, the plaintiff was rushed through the process, was not allowed to review the documents and was instructed to sign the documents by agents of defendants.

20. On information and belief, the plaintiff signed several form documents that were blank.

21. When the plaintiff questioned the agent about the terms and blank documents, he was informed by the defendants' agents that the deal, as promised prior to the signing of the documents, would be reflected in the completed instruments.

22. Plaintiff signed several documents at the time of the closing, but was not provided any documentation regarding the terms of the sales agreement and was not provided a Truth-in-Lending disclosure statement or an ECOA adverse action notice.

23. The plaintiff left his Toyota Camry at the Kia dealership pursuant to the instructions from the defendants' agents and drove off the lot in the used 2008 Spectra.

24. Plaintiff called and went to the KIA dealership several times over the next week to discuss the missing paperwork.

25. Plaintiff finally received some paperwork in the mail weeks after the purchase of the vehicle, but with an inaccurate Truth-in-Lending disclosure and no ECOA notice.

26. The documents plaintiff received did not reflect the terms and conditions that were presented by the agents for KIA and SAG at the time of the sale.

27. The plaintiff discovered that none of the rebates promised were disclosed in the documents and in fact he was paying a total amount of $28,371.60 for the used Kia Spectra, including fees of $2,700 for "GAP" insurance, and a $2,000.00 service contract fee that was not disclosed or bargained for at the time of the sale.

28. Additionally, plaintiff's trade in was not reflected on any of the documents.

29. Prior to bringing this action, the plaintiff notified the defendant of his claim pursuant to Code of Alabama, (1975) Titles 7 and 8 § 8-19-5(9), (11), and (27).

30. The defendants KIA, SAG and HANCOCK conspired and colluded with each other to cause the damages alleged by the plaintiff herein.

31. HANCOCK is also liable to the Plaintiff herein pursuant to the "FTC Holder Rule," 16 CFR § 433.

32. The defendants took adverse action against the plaintiff by not extending credit to him on the best terms available.

33. The plaintiff is a member of a protected group under the Equal Credit Opportunity Act ("ECOA").

## COUNT ONE
## FRAUD

34. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

35. Defendants KIA and SAG represented to the plaintiff, on the date and time of the purchase of the 2008 Kia Spectra, that KIA would pay directly to the plaintiff $1,600.00 and KIA would pay hundreds of dollars per month toward the loan for the car under a "Senior Grant Program" and the plaintiff would only be obligated to pay the difference for the next six months when KIA would refinance the car.

36. Defendants KIA and SAG represented to the plaintiff that the Kia Spectra would be reduced in price by rebates of several thousands dollars and additional $1,000.00 would be discounted for the Toyota Camry trade in.

37. Defendants KIA and SAG represented to the plaintiff that the Kia Spectra would be sold at the list price minus the rebates that were first presented but in fact, charged the plaintiff an additional $7,000 for the used Spectra.

38. Defendant KIA and SAG represented to the plaintiff that he was to receive hundreds of dollars of free gas and other prizes for purchasing the Kia Spectra.

39. Plaintiff believed the said representations of the agents and employees of defendants and reasonably relied on and innocently acted upon them to his detriment by purchasing said 2008 Spectra.

40. These representations were false because defendants never provided the rebates to plaintiff as promised; did not reduce the sale price of the Spectra; did not sell the Spectra for the price agreed upon; and did not provide the plaintiff the free gas and prizes.

41. As a proximate result of said representations made by defendants, plaintiff has suffered actual damages, mental anguish and emotional distress. Plaintiff claims actual damages and punitive damages of the defendants because of the intentional or gross and reckless nature of the fraud.

**WHEREFORE** Plaintiff demands judgment for compensatory damages, consequential damages, costs, punitive damages and different legal and/or equitable relief to which the plaintiff may be entitled in the cause to be determined by a jury.

## COUNT TWO
## CONVERSION

42. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

43. Defendants took control of plaintiff's Toyota Camry on or about August 14th, 2008, and failed to credit him for its value as a trade-in.

44. Plaintiff has demanded the return of the vehicle and the defendants have unlawfully refused to return the vehicle and on information and belief have sold the Toyota Camry at auction.

**WHEREFORE**, Plaintiff demands judgment for actual and punitive damages plus interest from the date of the conversion.

6

## COUNT THREE
## BREACH OF CONTRACT

45. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

46. This Count is against defendant KIA only.

47. On the date specified above, plaintiff entered into an agreement with defendant KIA whereby the plaintiff would receive a Spectra for $394.05 a month for 6 months in which Kia would pay hundreds of dollars toward the monthly payments and issue a check to the plaintiff for $1,600.00, reflected by the note, attached as Exhibit A, that he received at the time of the consummation of the deal.

48. Plaintiff also entered into an agreement with defendants in which he would purchase the used 2008 Spectra with rebates and price reductions, including the trade in of the Toyota Camry, totaling thousands of dollars in savings.

49. Defendant breached its contract by not issuing a check to the plaintiff for the amount promised; failing to implement the monthly payments as promised; failing to sell the vehicle for the price agreed upon; and failing to reduce the price of the vehicle purchased as promised.

**WHEREFORE**, plaintiff demands judgment against defendant for breach of the contract for actual damages, costs and attorney's fees.

## COUNT FOUR
## TRUTH-IN-LENDING ACT VIOLATIONS

50. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

7

51. The transaction at issue is a consumer transaction and is subject to the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*

52. The defendants violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

   a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b)(1) and Regulation Z § 226.17(b).

   b. By failing to make the required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

   c. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606(b)(1) and Regulation Z § 226.22, the defendant understated the disclosed APR in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(e).

53. These violations were apparent on the face of the contract and documents.

**WHEREFORE** plaintiff demands judgment for willful and/or negligent violation of the Truth-in-Lending Act and seeks actual damages, statutory damages, punitive damages, attorney fees and costs of this cause.

## COUNT FIVE
## CIVIL CONSPIRACY

54. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

55. Defendants SAG, KIA and HANCOCK participated in a conspiracy by furnishing false advertisement and financial information to lure consumers such as the plaintiff to purchase vehicles from KIA that were not sold as advertised.

8

56. Defendants also participated in a conspiracy by making fraudulent statements and sales promises that were not included in the final terms of the purchase agreements in order to sell vehicles that were priced above the actual retail value to plaintiff and others.

57. On information and belief, defendants also participated in a conspiracy whereby every vehicle sold by KIA which was financed by HANCOCK would result in a "kick-back" or "yield spread premium" paid directly to KIA by HANCOCK.

58. As a proximate result of the actions by the defendants, the plaintiff suffered damages.

**WHEREFORE**, plaintiff demands judgment against the Defendants for actual damages, punitive damages, costs and attorney's fees.

## COUNT SIX
## EQUAL CREDIT OPPORTUNITY ACT VIOLATIONS

59. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

60. On information and belief, defendants increased the sales price of the vehicle herein based on the age of the plaintiff and sold him a used Kia Spectra for more than $7,000.00 above its actual value.

61. Defendants have otherwise discriminated against plaintiff based on his age.

62. Defendants violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, by discriminating against the plaintiff on account of his age;

63. Additionally, the defendants have not complied with the notification requirements of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, set forth in Regulation B, 12 C.F.R. §202.9(a)(1)(i) and had otherwise violated the ECOA.

**WHEREFORE**, plaintiff demands judgment for willful and/or negligent violation of the Equal Credit Opportunity Act and seeks actual damages, statutory damages, punitive damages, attorney fees and costs of this cause.

### COUNT SEVEN
### NEGLIGENT HIRING & SUPERVISION

64. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

65. Defendants negligently or wantonly hired and/or supervised their agents which resulted in the wrongful conduct of the agents as set forth herein. Defendants either: (i) knew or should have known of the unfitness of its agents who are described above and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the plaintiff, (ii) authorized the wrongful conduct of said agents set forth hereby, or (iii) ratified the wrongful conduct of the agents as set forth herein; and said wrongful acts of agents were calculated to and did benefit the defendants.

66. As a proximate result of the negligence and/or wantonness of defendants as set out above, the plaintiff has been damaged by the actions of the defendants' agent.

**WHEREFORE**, plaintiff demands judgment against defendants including compensatory and punitive damages and attorneys' fees and all costs of this litigation and all other just, general and equitable relief.

JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)

Law Offices of Earl P. Underwood, Jr.
21 South Section St.
Fairhope, Alabama 36533
Phone:  251-990-5558
Fax:    251-990-0626
epunderwood@alalaw.com
jpatterson@alalaw.com

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

_____
JAMES D. PATTERSON, ESQ.

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

East Bay Kia, Inc.
Registered Agent:   Richard Stoff
27320 Hwy 98
Daphne, Alabama 36526

Smart Automotive Group, LLC
Registered Agent:  Bernard E. Burst, III
1329 Gardenia Drive
Metarie, LA   70005

Hancock Bank, Inc.
Registered Agent:  The Corporation Company
2000 Interstate Park Dr., Ste. 204
Montgomery, AL   36109